## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 28 2017, 9:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Kellerman II
Kellerman Law Office
Batesville, IN 47006

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tara Jean Davies, | March 28, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 24A05-1508-DR-1103 |
| v. | Appeal from the Franklin Circuit Court |
| Guy Albert Pierce Davies, | The Honorable J. Steven Cox, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 24C01-1305-DR-401 |

**Najam, Judge.**

# Statement of the Case

Tara Jean Davies ("Mother") appeals the dissolution court's final decree, which ended her marriage to Guy Albert Pierce Davies ("Father"). Mother presents the following issues for our review:

1.  Whether the dissolution court abused its discretion when it calculated Father's child support obligation.

2.  Whether the dissolution court abused its discretion when it did not order Father's child support obligation to be retroactive.

3.  Whether the dissolution court abused its discretion when it did not order Father to pay child support by way of an income withholding order.

4.  Whether the dissolution court abused its discretion when it did not order Father to pay a portion of one of their children's college expenses.

5.  Whether the dissolution court erred when it made no provision for either parent to claim the parties' children as dependents on their tax returns.

6.  Whether the dissolution court erred when it made no provision for the payment of the children's uninsured medical expenses.

We affirm and remand with instructions.

## Facts and Procedural History

On February 1, 2002, Father and Mother were married, and they had three children together, namely, D.D., G.D., and T.D. On May 13, 2013, Mother filed a petition for dissolution of the marriage. On June 11, the dissolution court issued a provisional order stating that the parties had agreed that they "shall not dissipate any assets or create new debt and shall continue to maintain their current debt as exercised for the previous two (2) years" and that Mother "is awarded temporary custody of the minor children herein, and no support is ordered." Appellant's App. at 36.

The dissolution court held a final hearing on the dissolution petition over the course of three days: November 26, 2013; July 1, 2014; and September 2, 2014. During those hearings, Father testified that: he was employed "drilling fuel oil and natural gas" in Vietnam and comes home for periods of time ranging from twenty-two to twenty-six days at a time; he has five children—three with Mother and two from a previous marriage; he pays $500 per month in child support for the two children from a previous marriage; and he pays "every bill that [he is] expected to pay." Tr. at 5, 191. Mother testified that Father had not complied with the provisional order to "pay all of our bills exactly like they had been [paid] in the past" and, as a result, Mother had to use approximately $11,000 out of a savings account to pay the family's bills. *Id.* at 54.

[5] On April 27, 2015, the dissolution court entered the final decree on child custody, child support, and parenting time,[1] which stated as follows:

> That [Mother] shall have sole custody of the minor children herein, [D.D., G.D., and T.D.] [Father] shall be entitled to visitation at all times when he shall be on break from his employment schedule. Should his break at home[,] according to his employment schedule[,] be longer than two consecutive weeks, support shall be half of the regular weekly amount for the remainder of that break. During this time period, [Mother] shall have liberal communication access with the children herein. Additionally, should [Father's] break from his employment schedule last more than two consecutive weeks, [Mother] shall have alternate weekends and mid-week visitation with the minor children.
>
> The Court further finds that [Father] shall pay support in the amount of Four Hundred and Forty-two Dollars ($442.00) weekly commencing Friday, April 24, 2015[,] payable through the office of the Franklin County Circuit Court Clerk.

Appellant's App. at 34-35. Mother filed a motion to correct error, which was deemed denied. Mother appealed.

[6] On February 9, 2017,[2] pursuant to Indiana Appellate Rule 37(B), this court suspended consideration of the appeal and remanded to the trial court to (1) attach to the order a completed child support worksheet, signed by both parties,

---

[1] The dissolution court noted that it had "ratified" the parties' agreed entries regarding the division of the marital assets. Appellant's App. at 34.

[2] This court had granted Mother several extensions of time to file her brief on appeal due to the parties' attempts to settle the issues on appeal. Mother finally filed her appellant's brief on October 13, 2016.

and/or (2) issue written findings articulating the factual circumstances supporting the child support order. On February 10, the trial court filed, in open court, its Final Order on Child Support, including the following findings and conclusions:

1.      On July, 1, 2014[,] the Petitioner herein submitted her child support worksheet as Exhibit #2 in the amount of $442.00 per week, and;

2.      Counsel for Respondent had no objection to Petitioner's Exhibit #2, and;

3.      The Court heard extensive evidence relating to the work schedules of the parties, earning capacities, relationships, plans for post-secondary education and visitation practices with their respective children during the remainder of the hearing of July 1, 2014, as well as the balance of the hearing which was held on September 2, 2014, and;

4.      The Court found that there were three children born to the marriage, and;

5.      The oldest child was involved in the transition to post-secondary education, and;

6.      The two younger children still visited extensively with the Respondent, and;

7.      That the Respondent was then employed for months at a time on an oil rig in the Indian Ocean which required him to be absent for extended periods, and;

8.      That Respondent, when he was local, opted to visit his children at a hotel or resort and incurred those expenses rather

than maintain a more permanent residence and the associated costs, and;

9.      That the Petitioner, during the balance of the Final Hearing offered another child support worksheet marked as Exhibit #11, on September 2, 2014[,] in the amount of Five Hundred Thirty-nine Dollars ($539.00), which worksheet gave no credit for overnights, and;

10.      The Court found that there was a dispute between the parties as to which income amount should be utilized for the calculation of child support, and;

11.      The Court first considered Respondent's request for joint custody but opted not to grant the request since the requirement to keep the Respondent informed as to medical, educational and religious decisions would work an undue hardship on the Petitioner given the difficulty in communicating with the Respondent when he was out of the country, and would, therefore, not meet the best interest standard of the children, and;

12.      The Court next considered the worksheets submitted as Petitioner's Exhibit #2 and #11 respectively and found that given the extraordinary nature of the visitations which could not be reconciled under the Indiana Parenting Time Guidelines given the nature of Respondent's work schedule and cost of maintaining a permanent residence even when out of the country, and given the fact that the Respondent, in fact, visited with the children full time when he was in the country, the Court concluded that it was inappropriate to give Respondent no credit for parenting time as indicated on Petitioner's Exhibit #2, and;

13.      The Court next considered Respondent's testimony relating to the expense he incurred while having the children when he was in country and how "make-up" time should be applied under the Indiana Parenting Time Guidelines, and;

14.     The Court next considered the effects of the cost of visitations when the Respondent was in country as those costs related to Transferred Expenses up to 35%, Duplicated Fixed Expenses up to 50% and Controlled Expenses when exercising his ability to visit and when the applicable, assumed percentages of these expenses were applied to the work sheet, depending on the range applied by the Court, the Court found that the percentages could result in a support amount which was lower than the lowest amount sought by Petitioner of $442.00 per week as stated in her original worksheet which she submitted on July 1, 2014, and;

15.     The Court found that it was in the children's best interest that they be given as much time with Respondent as his work schedule would allow even though it found that it was not in their best interest that custody be shared under these facts, and;

16.     That given the extraordinary facts before the Court as to the parties['] ability to support and their ability to continue the development of meaningful relationships with their children, the Court found that it was necessary to deviate from both the Indiana Parenting Time Guidelines and The Indiana Child Support Guidelines, and;

17.     That[,] based on Respondent's skill set[,] his only ability to earn at his current rate of pay was to continue to work out of the country which necessarily perpetuated his intermittent absence from his children.

18.     Based on the foregoing analysis, the Court concluded that the better measure of support and that which was best reflective of the unusual facts before the Court was the amount reflected in Petitioner's Exhibit #2 since it was admitted without objection and was higher than the amount that could potentially have been reached by the Court if it had applied the percentages relating to Transferred and Duplicated Fixed Expenses to the worksheet amount represented in Petitioner's Exhibit #11.  While the Court

was mindful that the parenting time was not shared under a joint custody order, that arrangement was not ordered for practical reasons. Nonetheless, the Court's intention was that the parties share the physical custody with each other as equally as their respective schedules would allow. The Court therefore ordered that the support obligation would not terminate when Respondent exercised visitation but would, rather, be decreased by half when he physically had the children which was done in recognition of the custodial parent's Controlled Expenses.

The foregoing analysis and discussion was the basis for the Court's deviation from the Indiana Support Guidelines as well as the Indiana Parenting Time Guidelines in the above-referenced Cause. Petitioner's Exhibits #2 and #11 are before the Indiana Court of Appeals as part of the Record in the list of Exhibits in Cause Number 24A05-1508-DR-1103. Pursuant to the Order dated February 9, 2017, from the Indiana Court of Appeals in Cause Number 24A05-1508-DR-1103, the Court incorporates the above analysis as its reason for originally deviating from the Indiana Support Guidelines and the Indiana Parenting Time Guideline and incorporates the same as its rationale for the current Final Order on Child Support.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that support in this matter shall be and is hereby set in the amount of Four Hundred Forty-two Dollars ($442.00) per week commencing the 24th day of April, 2015.

February 10, 2017, Order at 1-3. Mother timely filed a supplemental Appellant's Brief to address the trial court's findings and conclusions.[3]

---

[3] Father was given the option to file a brief in response to the dissolution court's new order and Mother's brief, but he chose not to do so.

# Discussion and Decision

## *Standard of Review*

[7] Initially, we note that Father has not filed an appellee's brief. Accordingly, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). Prima facie error is error at first sight, on first appearance, or on the face of it. *Id.* Where an appellant does not meet this burden, we will affirm. *Id.*

[8] The trial court here entered findings and conclusions sua sponte to accompany its dissolution decree. Accordingly, the specific factual findings control only the issues that they cover, while a general judgment standard applies to issues upon which there are no findings. *Fetters v. Fetters*, 26 N.E.3d 1016, 1019 (Ind. Ct. App. 2015), *trans. denied*. Not every finding needs to be correct, and even if one or more findings are clearly erroneous, we may affirm the judgment if it is supported by other findings or is otherwise supported by the record. *Id.* We may affirm a general judgment with sua sponte findings upon any legal theory supported by the evidence introduced at trial. *Id.* at 1019-20. Sua sponte findings control as to the issues upon which the court has found, but do not otherwise affect our general judgment standard of review, and we may look both to other findings and beyond the findings to the evidence of record to determine if the result is against the facts and circumstances before the court. *Id.* at 1020.

## Issue One: Child Support

Mother first contends that the dissolution court abused its discretion when it calculated Father's child support obligation. A trial court's calculation of child support is presumptively valid. *Young v. Young*, 891 N.E.2d 1045, 1047 (Ind. 2008). We will reverse a trial court's decision in child support matters only if it is clearly erroneous or contrary to law. *Id.* (citing Ind. Trial Rule 52(A)). A decision is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances that were before the trial court. *Id.*

Mother maintains that there was "no need to deviate from the [Child Support] Guidelines" to achieve figures comparable to those arrived at by the Court selecting the amount that seemed "'the better measure of support.'" Appellant's Br. at 7 (quoting February 10 Order). And Mother avers that "[n]othing in [the dissolution court's] analysis directly addresses the factors contained in [Indiana Code Section] 31-16-6-1[,]" which provides in relevant part as follows:

> (a) In an action for dissolution of marriage . . . , the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct, after considering all relevant factors, including:
>
> > (1) the financial resources of the custodial parent;
> >
> > (2) the standard of living the child would have enjoyed if:
> >
> > > (A) the marriage had not been dissolved[.]

[11] We do not address the merits of Mother's contentions on this issue. In calculating Father's child support obligation, the dissolution court adopted the amount indicated in the child support worksheet Mother submitted, without objection, as Exhibit 2 at the final hearing. As such, any error was invited, and Mother cannot now complain. *Balicki v. Balicki*, 837 N.E.2d 532, 541 (Ind. Ct. App. 2005) (reiterating doctrine of invited error is grounded in estoppel and precludes a party from taking advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct), *trans. denied*.; *see also Laux v. Ferry*, 34 N.E.3d 690, 695 (Ind. Ct. App. 2015) (holding father invited alleged error in calculating child support where dissolution court based amount on father's child support worksheet).[4]

### Issue Two: Child Support Retroactivity

[12] Mother contends that the dissolution court abused its discretion when it did not make the child support order retroactive. Mother maintains that Father did not comply with the dissolution court's provisional order that he continue to pay the family's bills as he had done prior to the parties' separation. Accordingly, Mother asserts that she had to pay more than her share of the bills while the

---

[4] For the first time in her supplemental brief, Mother describes as "problematic" the provision for a reduction in Father's child support obligation when Father exercises parenting time for longer than two consecutive weeks. Appellant's Supp. Br. at 7-8. Because that provision was included in the dissolution court's April 27, 2015, child support order and was not amended in the court's February 10, 2017, order, Mother could have raised her objection to the provision in her original Appellant's Brief filed October 13, 2016. Having failed to do so, we hold that Mother has waived that issue for our review.

dissolution was pending, and she sought retroactive child support from Father to make up the difference.

[13] It is well established that "the trial court has the discretionary power to make a modification for child support relate back to the date the petition to modify is filed *or any date thereafter chosen by the trial court*." *Laux*, 34 N.E.3d at 695 (quoting *Hatmaker v. Hatmaker*, 998 N.E.2d 758, 763 (Ind. Ct. App. 2013), *trans. denied*). Here, contrary to Mother's assertion, Father testified that he paid "every bill that [he was] expected to pay." Tr. at 191. The dissolution court was entitled to credit that testimony over Mother's testimony. In any event, when they separated, the parties agreed that Father would not pay provisional child support. Mother has not demonstrated that the dissolution court abused its discretion when it did not order retroactive child support.

### *Issue Three: Income Withholding Order*

[14] Mother contends that the dissolution court erred when it did not order Father's child support obligation to be paid by means of an income withholding order. Indiana Code Section 31-16-15-0.5 (2017) provides in relevant part as follows:

> (a) Except as provided in subsection (c), in any proceeding in which a court has ordered, modified, or enforced periodic payments of child support, the court shall include a provision ordering that child support payments be immediately withheld from the income of the obligor in an amount necessary to comply with the support order, including amounts for current child support obligations, child support arrearage, medical support, interest, and fees.

We agree with Mother that the record does not indicate that a stay of an income withholding order under subsection (c) of the statute applies here. The dissolution court erred when it did not order that Father fulfill his child support obligation by way of an income withholding order. We remand with instructions to the dissolution court to issue such an order.

### Issue Four: College Expenses

Mother contends that the dissolution court abused its discretion when it did not order Father to pay for college expenses for D.D. As our supreme court has explained,

> Indiana Code Section 31-16-6-2 gives guidance regarding contribution toward post-secondary educational expenses, listing certain factors to take into account, such as "the child's aptitude and ability," "the child's reasonable ability to contribute to educational expenses," and "the ability of each parent to meet these expenses," among other things.[] Furthermore, Child Support Guideline 8(b) lists expenses that may be included within a post-secondary educational expense order, such as tuition, books, lab fees, supplies, student activity fees, room and board under certain circumstances, transportation, car insurance, clothing, entertainment, and incidental expenses. This guideline also explicitly states that "[i]t is discretionary with the court to award post-secondary educational expenses and in what amount." Child Supp. G. 8(b). It continues that the court should "weigh the ability of each parent to contribute to payment of the expense, as well as the ability of the student to pay a portion of the expense." *Id.*

*Hirsch v. Oliver*, 970 N.E.2d 651, 660-61 (Ind. 2012).

In support of her contention on this issue, Mother cites the following evidence:

> In this case, the parties' oldest son was 16 years old when the Dissolution was filed and graduated high school in 2014 and began attending college that fall. (Tr. [at] 199). Mother hoped that his education would be free under the VA ([t]r. [at] 39) but father confirmed that Mother had incurred a loan for the son's college education. (Tr. [at] 199). *Unfortunately, no evidence was presented as to the amount of the expenses*. This issue was raised in the Motion to Correct Error.

Appellant's Br. at 15 (emphasis added). Because Mother did not present any evidence regarding the amount of expenses she had incurred for D.D.'s college loans and the like, any error was invited and Mother cannot now complain. *Balicki*, 837 N.E.2d at 541. In any event, Mother has not demonstrated that the dissolution court abused its discretion when it did not order Father to share in the college expenses.

### Issue Five:  Tax Returns

Mother contends that the dissolution court erred when it made no provision for the parties to claim their children as dependents on their tax returns. Mother is correct that Indiana Code Section 31-16-6-1.5 provides that "a court shall specify in a child support order which parent of a child may claim the child as a dependent for purposes of federal and state taxes." We remand to the dissolution court to amend its child support order to comply with this statute.

### *Issue Six: Uninsured Medical Expenses*

[19]   Finally, Mother contends that the dissolution court erred when it did not provide for the allocation of the children's uninsured medical expenses between the parties. Mother maintains that those expenses "should be allocated according to the Child Support Guidelines." Appellant's Br. at 14. But, while Mother states that Child Support Guideline 7 "requires that a calculation of Extraordinary health expenses be made[,]" she does not set out in her brief what the calculation is or what it would require Father to pay under the facts and circumstances here.[5] *Id.* Neither does Mother direct us to any case law in support of her contention on this issue. Further, Mother refers to "proceedings [that occurred] after the initiation of this appeal" which "resulted in an order requiring both parents to maintain health insurance on the children, if available at reasonable cost[.]"[6] *Id.*

[20]   Mother's argument on this issue is difficult to discern. Regardless, Child Support Guideline 7 provides in relevant part that extraordinary health care expenses "are those uninsured expenses which are in excess of" 6% of the child support amount, which is designated to pay for health care. And "[c]alculation

---

[5]   In her motion to correct error, Mother asked the dissolution court to allocate the children's uninsured medical expenses between the parties "according to the attached CSOW." Appellant's App. at 39. But Mother has not included any attachments to the motion to correct error in her appendix on appeal.

[6]   We note that this court has had jurisdiction over this matter since the notice of completion of the Clerk's record was filed on September 11, 2015. Our supreme court has recognized that where the subject of the appeal is "'entirely independent of the issues to be tried[,]'" subsequent trial court action does not interfere with the jurisdiction of the appellate court. *Hickman v. Irwin Union Bank* (*In re Hickman*), 811 N.E.2d 843, 848 (Ind. Ct. App. 2004) (quoting *Bradley v. State*, 649 N.E.2d 100, 106 (Ind. 1995)), *trans. denied*.

of the apportionment of the health care expense obligation is a matter separate from the determination of the weekly child support obligation." *Id.* We remand to the dissolution court to determine an appropriate amount for Father to pay with respect to the children's uninsured medical expenses.

[21] In sum, we affirm the dissolution court, but remand with instructions that the court: issue an income withholding order; specify which parent may claim which child as a dependent for income tax purposes; and assess Father's responsibility for the children's uninsured medical expenses.

[22] Affirmed and remanded with instructions.

Bailey, J., and May, J., concur.